**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1640C
(Filed December 19, 2016)
NOT FOR PUBLICATION

**FILED**
DEC 1 9 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
                                                 *
ZACHARY R. E. RUSK,                              *
                                                 *
            Plaintiff,                           *
    v.                                           *
                                                 *
THE UNITED STATES,                               *
                                                 *
            Defendant.                           *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On December 12, 2016, plaintiff Zachary R. E. Rusk, representing himself, filed a complaint in this court along with a request for leave to proceed *in forma pauperis*. After carefully reviewing the complaint, the Court finds that Mr. Rusk has failed to state a claim within this court's subject matter jurisdiction. Unfortunately, Mr. Rusk seems to misunderstand the nature of our Court and its jurisdiction.

Subject-matter jurisdiction can be challenged by the parties at any time, or raised by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

The Tucker Act, 28 U.S.C. § 1491, explicitly states that this Court has no jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1). This Court's jurisdiction must be based on the alleged existence of a contract with the federal government or on a violation by the federal government of a law or constitutional provision mandating the payment of money. 28 U.S.C. § 1491(a)(1); see also *United States v. Testan*, 424 U.S. 392, 398 (1976) (noting that the Tucker Act confers jurisdiction only where the federal statute allegedly violated confers "a substantive right to recover money damages from the United States"); *Contreras v. United States*, 64 Fed. Cl. 583, 588

7014 1200 0000 9093 5401

(2005) (holding that this court's jurisdiction "must be based on a law or regulation that either entitles the plaintiff to a payment of money from the government, or places a duty upon the government, the breach of which gives the plaintiff a money damages remedy").

The only constitutional provisions in Mr. Rusk's complaint, the Fifth and Fourteenth Amendments, are not money mandating and therefore do not confer jurisdiction on this Court. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the equal protection component of the Fifth Amendment is not money-mandating) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (1980)); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Due Process Clauses of both the Fifth and the Fourteenth Amendments are not money-mandating); *Brown v. United States*, 227 Ct. Cl. 786, 787 (1981) (finding no jurisdiction over claim alleging deprivation of liberty in violation of the Fifth Amendment).†

Finally, it is well established that this Court does not have jurisdiction to review the actions of other courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that this court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that this court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"); *Bafford v. United States*, No. 09–030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009) (explaining that this court does not have jurisdiction to review the decisions of federal courts of appeal).

Because it is apparent on the face of the complaint that this Court lacks jurisdiction, plaintiff's complaint is **DISMISSED** as beyond our court's jurisdiction pursuant to RCFC 12(h)(3). The request to proceed *in forma pauperis* is hereby **GRANTED**, and Mr. Rusk is relieved of the obligation to pay the filing fee for this case. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

† The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim seeks the return of money paid to the federal government under the rubric of an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).