**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1640C
(Filed January 13, 2017)
NOT FOR PUBLICATION

FILED
JAN 1 3 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
                                            *
ZACHARY R. E. RUSK,                         *
                                            *
              Plaintiff,                    *
       v.                                   *
                                            *
THE UNITED STATES,                          *
                                            *
              Defendant.                    *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On December 19, 2016, this Court dismissed Mr. Rusk's complaint because he did not state a claim within this court's subject-matter jurisdiction. On December 28, 2016, the Clerk's office received a document from Mr. Rusk, which was not filed because it was unclear whether the document was intended as an amended complaint or a motion for reconsideration. Subsequently, Mr. Rusk filed a document which appears to be the same document, with an additional title page that styles the document as a "Motion to amend decision." Thus, it is apparent that Mr. Rusk wants the Court to reconsider the dismissal of his case. The Clerk's office shall file the document received on December 28, 2016 as a motion for reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims, and Mr. Rusk's January 11, 2017 document will be treated as an amended motion for reconsideration.

Mister Rusk's amended motion adds as defendants two United States Magistrate Judges, and also adds several paragraphs explaining negligence. Pl.'s Mot. pp. 1-2. Mister Rusk has also included OMB Standard Form 95, Claim for Damage, Injury, or Death, in an attempt, apparently, to ripen his claim. Finally, Mr. Rusk includes as new exhibits various filings in cases he has pending before other tribunals. As previously explained, this Court has no jurisdiction to review the decisions of other courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that this court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Bafford v. United States*, No. 09-030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009) (explaining that

this court does not have jurisdiction to review the decisions of federal courts of appeal).

Unfortunately for Mr. Rusk, Congress has explicitly denied our court the authority to entertain tort claims. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases *not sounding in tort*.") (emphasis added). Because negligence claims and claims brought pursuant to the Federal Tort Claims Act are claims sounding in tort, our Court does not have jurisdiction to hear such claims. *See O'Connor v. United States*, 355 Fed. Appx. 412, 413 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Servs., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)). Similarly, our Court only has jurisdiction over cases against the United States government, not against any individual officers or employees. *See* 28 U.S.C. § 1491; RCFC 10(a); *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *Clark v. United States*, No. 11-10C, 2014 WL 3728172, at *9 (Fed. Cl. July 28, 2014).

The Court recognizes that Mr. Rusk is representing himself and therefore cannot be expected to possess an understanding of the law as would a lawyer. But plaintiff must understand that the Court is unable to hear cases over which Congress has explicitly withheld jurisdiction. Therefore, after carefully reviewing the additional documents, the Court still finds that Mr. Rusk has failed to state a claim within this court's subject matter jurisdiction. Accordingly, plaintiff's amended motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge